**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amanda K. Horton, | No. CV-06-2810-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| USAA Casualty Insurance Company, a foreign insurer, | |
| Defendant. | |

Plaintiff Amanda Horton commenced this insurance coverage action by filing a complaint against Defendant USAA Casualty Insurance Company in Arizona state court on October 19, 2006. Plaintiff asserts breach of contract and bad faith tort claims personally and on behalf a class of similarly situated individuals. Defendant removed the case to this Court on November 20, 2006. Dkt. #1.

Defendant has filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. #6. Plaintiff has filed a response to the motion and Defendant has filed a reply. Dkt. ## 7, 10. For the reasons set forth below, the Court will deny the motion.[1]

---

[1] The request for oral argument is denied because the parties have thoroughly discussed the law and evidence and oral argument will not aid the Court's decisional process. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

**I.   Motion to Dismiss Standard.**

A complaint may not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claims which would entitle [her] to relief." *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994). "In determining whether a complaint states a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff." *Id.*  In addition, the court must "assume that all general allegations embrace whatever specific facts might be necessary to support them." *Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994).

**II.   Factual Allegations.**

This description of the facts is taken from Plaintiff's complaint and the insurance policy referenced therein. As noted above, all allegations of material fact are assumed to be true for purposes of this decision.

Plaintiff was an insured under an automobile insurance policy issued by Defendant, Policy No. 01222-09-86 ("Policy"). Dkt. #1, Ex. 1 ("Compl.") ¶ 5. Plaintiff paid an additional premium for medical payments coverage. *Id.* ¶ 6. This coverage required Defendant to pay the reasonable fee for medically necessary and appropriate medical services caused by an auto accident. *Id.* ¶¶ 7, 35. The Policy defines "reasonable fee" as the lesser of (1) the actual charge, (2) the charge negotiated with a provider, or (3) the charge determined by a statistically valid database that reflects the costs for the same or similar procedures or services in the same or similar geographic area. Dkt. #6 Ex. 1.

On December 28, 2004, Plaintiff was involved in an auto accident in Phoenix, Arizona. Compl. ¶ 8. As a result of that accident, Plaintiff reasonably and necessarily incurred certain medical and dental expenses. *Id.* ¶ 9. Plaintiff timely notified Defendant of the accident and her claim for payment of the covered medical and dental expenses. *Id.* ¶ 10. Defendant employed computer software to arbitrarily and unilaterally reduce the amount paid on Plaintiff's covered dental expenses. *Id.* ¶ 15. Defendant has failed to pay $1,573.67 in covered dental expenses. *Id.* ¶¶ 12, 14. This failure required Plaintiff to pay the balance of the dental expenses she reasonably and necessarily incurred. *Id.* ¶ 12.

- 2 -

**III.   Does the Complaint Fail to State a Claim?**

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2). That rule "requires only that the complaint include 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003).

**A.   Breach of Contract.**

To state a breach of contract claim, "the complaint must allege an agreement, the right to seek relief, and breach by the defendant." *Commercial Cornice & Millwork, Inc. v. Camel Constr. Servs. Corp.*, 739 P.2d 1351, 1355 (Ariz. Ct. App. 1987) (citing *City of Tucson v. Superior Ct.*, 569 P.2d 264 (Ariz. Ct. App. 1977)). The complaint in this case alleges that Defendant's failure to perform as required under the Policy constitutes a breach of contract, and that Plaintiff has sustained actual damages as a result of Defendant's breach. Compl. ¶¶ 20-21. These allegations satisfy the minimal pleading requirements of Rule 8(a)(2). *See Commercial Cornice & Millwork*, 739 P.2d at 1355; *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 664 (9th Cir. 1998).

Defendant claims that most of Plaintiff's allegations are "conclusory" and that they do not include any "facts" that would constitute a breach of the actual terms of the Policy. Dkt. #6 at 5-7. Defendant asserts that Plaintiff's breach of contract claim "rests on the solitary allegation that [Defendant] used software that allegedly 'arbitrarily' reduced the payment." *Id.* at 7. Citing *North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578 (9th Cir. 1983)), Defendant contends that this allegation is not one of fact, but is the type of conclusory allegation that courts disregard on a motion to dismiss.

Defendant's reliance on *North Star* is misplaced. In *North Star*, the plaintiff asserted claims challenging the constitutionality of Arizona's securities statutes on the ground that they were being applied in an "arbitrary, capricious, and discriminatory manner." *Id.* at 583. The Ninth Circuit held that the claims were properly dismissed because the complaint was "vague, conclusory, and general and [did] not set forth any material facts in support of the

1 allegations[.]" *Id.*

2 The complaint in this case, unlike the complaint in *North Star*, "[does] allege some facts to accompany [the] recitation of the elements of [the] claim." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1155-56 (9th Cir. 1989) (distinguishing *North Star* because the plaintiff's allegations "provided general notice of the nature of [its] claim"); *see* Compl. ¶¶ 1-16. The complaint specifically identifies the insurance policy at issue (¶ 5), the coverage provision allegedly breached by Defendant (¶¶ 7 & 35), the date and location of the auto accident in question (¶ 8), and the amount of Plaintiff's alleged unpaid loss under the Policy (¶ 12). The complaint also explains the specific manner of the alleged breach, i.e., the use of "computer software to arbitrarily and unilaterally reduce the amount paid on medical/dental bills under Defendant's medical payments coverage." *Id.* ¶ 15. The complaint alleges that the computer software employed by Defendant "categorically eliminates, abates, and/or reduces charges actually incurred above a selected percentile level" and "systematically eliminate[s] payments for costs beyond a predetermined, statistical mean in given geographical regions." *Id.* ¶¶ 36, 45. The complaint further alleges that Defendant's use of the computer software "to reduce medical benefits is . . . unreasonable." *Id.* ¶ 46; *see also id.* ¶¶ 38-47.

18 A reasonable inference from these allegations is that Defendant has failed to pay the reasonable fee for medically necessary and appropriate medical services as required under the Policy because the database used by Defendant to determine the covered fee amount is not statistically valid. *See* Dkt. #6 Ex. 1, Policy Part B – Medical Payments Coverage. "[A]t this early stage of litigation, it is not clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Falkowski v. Imation Corp.*, 309 F.3d 1123, 1131-32 (9th Cir. 2002).

25 **B. Bad Faith.**

26 Defendant contends that the bad faith tort claim fails as a matter of law because Plaintiff has not actually alleged a breach of contract. Dkt. #6 at 8. Specifically, Defendant contends that because the Policy permits Defendant to determine the reasonable fee for

- 4 -

1 medical payments coverage by use of a statistically valid database, that act cannot form the
2 basis of a bad faith claim. *Id.* As explained above, however, the complaint reasonably can
3 be construed as alleging that the database Defendant used to determine the reasonable fee for
4 medical payments coverage was not statistically valid. *See* Compl. ¶¶ 36-47.

5 Defendant further contends that Plaintiff asserts nothing more than "conclusory
6 allegations of wrongdoing." Dkt. #6 at 8 (citing Compl. ¶ 26). To the contrary, the
7 complaint alleges material facts in support of the allegation that Defendant acted in bad faith
8 by failing to investigate Plaintiff's claim, misconstruing Policy language against Plaintiff,
9 arbitrarily reducing Policy benefits, and failing to give Plaintiff's interests equal
10 consideration. *See* Compl. ¶¶ 10, 12, 14-16, 33, 36-47. The complaint specifically alleges
11 that Defendant's actions in utilizing computer software to "deny or reduce medical expenses
12 is [a] breach of its implied duty of good faith and fair dealing, including its obligation to
13 conduct a full and fair evaluation of each claim and to not unreasonably deny or withhold
14 benefits." *Id.* ¶ 49. These allegations are sufficient to satisfy the minimal pleading
15 requirements of Rule 8(a)(2). *See Zilisch v. State Farm Mut. Auto. Ins. Co.*, 995 P.2d 276,
16 ¶ 20 (Ariz. 2000); *Prieto v. Paul Revere Life Ins. Co.*, 354 F.3d 1005, 1009-10 (9th Cir.
17 2004).

18 **C.    Conclusion.**

19 "The Supreme Court has cautioned that, in reviewing the sufficiency of the complaint,
20 'the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled
21 to offer evidence to support the claims. Indeed it may appear on the face of the pleadings
22 that a recovery is very remote and unlikely but that is not the test.'" *McGary v. City of*
23 *Portland*, 386 F.3d 1259, 1261 (9th Cir. 2004) (quoting *Scheuer v. Rhodes*, 416 U.S. 232,
24 236 (1974)). Rather, the test is whether the complaint contains "'a short and plain statement
25 of the claim that will give the defendant fair notice of what the plaintiff's claim is and the
26 grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R.
27 Civ. P. 8(a)(2)). Following the guidance of Rule 8(f) that "[a]ll pleadings shall be so
28 construed as to do substantial justice," the Court concludes that Plaintiff's complaint

adequately states breach of contract and bad faith tort claims and gives Defendant fair notice of the basis of each claim. *See id.* at 48.

**IT IS ORDERED:**

1. Defendant's motion to dismiss (Dkt. #6) is **denied**.
2. The Court will schedule a Rule 16 case management conference by separate order.

DATED this 20th day of February, 2007.

_____
David G. Campbell
United States District Judge