1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amanda K. Horton, et al., | No. CV-06-2810-PHX-DGC |
| Plaintiff, | |
| vs. | **ORDER** |
| USAA Casualty Insurance Company, a foreign insurer, et al., | |
| Defendant. | |

Third Party Rebecca Olson, on behalf of herself and Roman Olson (collectively "Objectors"), has filed a motion for leave to serve discovery and for reconsideration of the Court's order of June 17, 2009. Dkt. #98. Defendants have responded and Objectors have replied. Dkt. ##99, 100. The Court will deny the motion.

**I.  Background.**

On June 17, 2009, the Court entered an order granting the parties' joint motion to vacate the final settlement approval hearing. Dkt. #97. The order granted the parties leave to conduct a statistical evaluation of the database that will be used in the final settlement agreement and to file an amended settlement agreement no later than November 6, 2009. *Id.* The Court concluded that the interests of the class and Defendants, as well as the purposes of Rule 23, would be furthered by allowing the parties additional time to re-fashion the settlement agreement after obtaining the results of the study. *Id.* The Court entered the order over the written and oral objections of Objectors. *Id.*

**II. Analysis.**

    **A. Motion for Leave to Serve Discovery.**

Objectors seek to serve discovery on the parties to obtain information relating to the damages suffered by class members in the state of Washington. Dkt. #98 at 1-2. In particular, Objectors seek to discover the difference between the amount of the claims submitted to USAA for reimbursement in the state of Washington during the last six years and the amount that USAA actually paid on those claims. *Id.* Objectors argue that such information is necessary to evaluate whether the settlement is "fair and adequate regarding damages." *Id.* at 2.

"Class members who object to a class action settlement do not have an absolute right to discovery; the Court may, in its discretion, limit the discovery or presentation of evidence to that which may assist it in determining the fairness and adequacy of the settlement." *Hemphill v. San Diego Ass'n of Realtors, Inc.*, 225 F.R.D. 616, 619 (S.D. Cal. 2005). A district court need only grant an objector's request for discovery if the objector "can make a colorable claim that the settlement should not be approved." *International Union v. General Motors Corp.*, 497 F.3d 615, 635 (6th Cir. 2007) (citing *Geier v. Alexander*, 801 F.2d 799, 809 (6th Cir. 1986)). At this point in the litigation, Objectors can make no such colorable claim because neither Objectors nor the Court know what form the settlement agreement will ultimately take. As Defendants point out, the possibility remains that Objectors will not object to the amended settlement agreement. Dkt. #99 at 4. Until such time as the Court-approved statistical study has been completed and an amended settlement agreement has been filed, Objectors' request for discovery is premature.

The fact that Objectors believe that Washington law may increase Defendants' liability to Washington class members, Dkt. #100 at 2-4, is not a reason to grant Objectors' request. Objectors' argument amounts to a legal claim, not a factual one, about the fairness and adequacy of the proposed settlement agreement for Washington class members. If Objectors have the same objection to the amended settlement agreement, the Court will consider that objection when deciding whether to approve the settlement agreement.

1 | The Court also will not grant Objectors' request for information pertaining to the parties' settlement negotiations. Discovery of such information "is proper only where the party seeking it lays a foundation by adducing other sources of evidence indicating that the settlement may be collusive." *Hemphill*, 225 F.R.D. at 620 (quoting *Lobatz v. U.S. West Cellular of California, Inc.*, 222 F.3d 1142, 1148 (9th Cir. 2000)). Objectors present no evidence of collusion. Plaintiffs in this case are represented by effective class-counsel who have vigorously litigated this matter from the outset. The Court has not reason to believe that the settlement is collusive or otherwise improper.

### B. Request for Reconsideration.

Objectors seek reconsideration of the Court's order of June 17, 2009 (Dkt. #97) granting the parties leave to conduct a statistical evaluation of the database that may be used in this settlement. Dkt. #98 at 2-4. Objectors argue that, based on the new information attached as exhibits to their motion, the Court should instead order that Objectors' experts be given access to all data involved in the study and allowed to conduct their own review.

The Court finds no new substantive information in the materials submitted by Objectors. The information is virtually identical to information Objectors submitted as part of their response in opposition to the joint motion to vacate the settlement approval hearing. Dkt. ##91-94. Both sets of materials make essentially the same claims: that Ingenix's data and data collection methodologies are seriously flawed in a manner disadvantageous to consumers, that use of Ingenix data by insurers raises serious conflict-of-interest issues, and that agreements between Ingenix and insurers have prevented public awareness of these problems within the insurance industry. These claims are not new. Objectors have provided no basis for reconsideration of the Court's previous order.

**IT IS ORDERED:**

1. Objectors' motion for leave to serve discovery (Dkt. #98) is **denied**.

2. Objectors' motion for reconsideration (Dkt. #98) is **denied**.

DATED this 3rd day of August, 2009.

_____
David G. Campbell
United States District Judge