**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amanda K. Horton, et al., | No. CV-06-02810-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| USAA Casualty Insurance Company, et al., | |
| Defendants. | |

On September 12, 2014, Defendants USAA Casualty Insurance Company and USAA General Indemnity Company ("USAA") filed a motion to reopen this case. Doc. 147. MySpine P.S. ("MySpine") has filed a motion to intervene, which is not opposed by USAA, and a memorandum opposing the motion to reopen. Doc. 148, 149. The Court will grant the motion to intervene and deny the motion to reopen.

**I.     Background.**

The lawsuit and settlement agreement at issue in this case concern claims related to USAA's failure to pay to insureds injured in covered automobile accidents, or their health care provider assignees, the benefits required under first-party medical coverage ("MedPay"). Doc. 147 at 2. Plaintiffs alleged that USAA based its MedPay calculations on a medical bill audit that relied on an invalid database used to determine reasonable fees for medical services. *Id.* On September 13, 2010, the Court entered a Final Order Certifying Settlement Class, Approving Class Action Settlement, and Awarding Class Counsel Fees and Judgment (the "Settlement"). Doc. 142. The Court retained jurisdiction to enforce the Settlement. *Id.*, ¶ 20.

1  On October 3, 2012, MySpine, a Washington professional services corporation providing chiropractic and massage therapy care, brought an action against USAA in Washington state court (the "Washington Action"). *See MySpine, PS v. USAA Casualty Insurance Company, et. al.*, No. 12-2-32635-5 SEA. MySpine filed the Washington Action on behalf of all Washington health service providers who treated USAA's insureds and had their bills reduced by USAA's practice of limiting Personal Injury Protection ("PIP") payments to the 80th percentile of its database charges. Doc. 149 at 2.

USAA asserts that MySpine's claims in the Washington Action are barred by the Settlement. Doc. 147. The Settlement includes a release of any and all claims or causes of action based on USAA's use of a medical bill audit to determine MedPay payments. Doc. 142, ¶¶ 41-42. The Settlement includes an agreement by class members not to assert any released claims against USAA in any court or other venue. *Id*.

The Washington Action concerns the failure of USAA to comply with Washington law requiring automobile insurers to provide PIP coverage that pays medical and hospital benefits. Doc. 149 at 3. MySpine alleges that its claims against USAA are not barred by the Settlement in this case. Doc. 149, fn.1. They assert that this case was brought by insureds, not health care providers, for failure to pay all medical expenses under MedPay, not PIP coverage. *Id*. MySpine also alleges that Washington providers did not receive notice of the Settlement and therefore are not bound by it. *Id*.

MySpine claims that this motion is part of an ongoing attempt by USAA to forum shop and find a sympathetic court. Doc. 149 at 2. MySpine notes that USAA did not seek relief from this Court two years ago when the Washington Action was filed, but instead chose to defend the Washington Action. *Id*. In support of its forum-shopping argument, MySpine notes that USAA filed a motion to reassign the matter to a different King County Superior Court judge and twice attempted to remove the matter to federal district court. *Id*. On the second removal, USAA was sanctioned by U.S. District Court Judge Richard A. Jones for a "frivolous" removal taken for "an improper purpose." Doc. 156-3 at 9-10. In remanding the matter to state court, Judge Jones noted "the strong

possibility that Defendants removed not because they legitimately believed they had a right to a federal forum, but simply for the purpose of delay or other tactical gain." *Id.* at 10.[1]

MySpine further notes that the question of whether the Settlement bars the Washington Action is currently pending in Washington state court. *Id.* USAA moved for summary judgment on this question more than one year ago, but removed the case to federal court on the eve of the hearing. *Id.* at 3. After the second remand to state court, USAA stipulated to schedule a hearing on the motion for October 3, 2014, but then apparently changed strategy and filed the motion to reopen in this Court. *Id.*

## II.    Legal Standard.

A motion to enforce a settlement agreement is similar to the enforcement of a contract. *Adams v. Johns–Manville Corp.,* 876 F.2d 702, 709 (9th Cir. 1989). A party to a settlement agreement may seek to enforce the agreement's terms when the other party refuses to comply. *Fid. & Guar. Ins. Co. v. Star Equip. Corp.,* 541 F.3d 1, 5 (1st Cir. 2008). The power to enforce a settlement agreement "applies to members of class action suits who attempt to bring subsequent litigation that was waived as a part of the original settlement." *Villegas v. U.S.* 963 F. Supp. 2d 1145, 1158 (E.D. Wash. 2013). *See Cooper v. Fed. Reserve Bank of Richmond,* 467 U.S. 867, 874 (1984) ("[U]nder elementary principles of prior adjudication[,] a judgment in a properly entertained class action is binding on class members in any subsequent litigation."). A district court's reservation of jurisdiction to enforce a settlement in a class action does not, however, create jurisdiction over claims raised in another suit by a party that was not a member of the class. *Abbott Lab. v. CVS Pharmacy, Inc.*, 290 F.3d 854 (7th Cir. 2002).

---

[1] Judge Jones' order sanctioning USAA was not included in the original record submitted to this Court. MySpine's memorandum quotes from Judge Jones' June 23, 2014 order, but cites to Exhibit J of the Townsend Declaration, which is the second notice of removal, not the judge's order. The Court was able to locate the correct order by examining the court record in Washington. On October 10, 2014, MySpine filed a notice of errata stating that it failed to include Judge Jones' order as Exhibit M to the Townsend Declaration, but the Court notes that MySpine's opposition still incorrectly cites to Exhibit J, not Exhibit M. Doc. 149 at 6.

**III.     Analysis.**

USAA argues that the Washington Action asserts claims that were settled and released in this case. Doc. 147 at 6. USAA further argues that action by this Court is necessary to "protect the integrity of the settlement." *Id*.

Trial courts have discretion when it comes to reopening cases or portions of cases. *See*, *e.g.*, *Panatronic USA v. AT&T Corp.*, 287 F.3d 840, 846 (9th Cir. 2002) ("We review for abuse of discretion a district court's denial of a request to reopen discovery."); *Weeks v. Bayer*, 246 F.3d 1231, 1234 (9th Cir. 2001) ("We review for abuse of discretion the district court's denial of Weeks's motion to reopen the judgment."); *Caine v. Sullivan*, 19 F.3d 26 (9th Cir. 1994) ("We review for abuse of discretion the district court's denial of a motion to reopen the time for filing an appeal."). In this instance, the Court exercises its discretion to deny USAA's motion to reopen.

If USAA believed the Washington Action was barred by the Settlement, it should have moved to reopen this case two years ago when MySpine filed the Washington Action. Doc. 149 at 2. Instead, USAA chose to litigate the Washington Action, seeking along the way to change the state court judge and attempting twice to remove the action to federal court. *Id*. One of these removals was deemed frivolous by the presiding judge. USAA also filed a motion in Washington state court to dismiss the Washington Action on the basis of the Settlement, but then changed strategy. USAA's actions seem to confirm the accusation of forum shopping and tactical maneuvering.

In addition, whether the Washington Action is barred by the Settlement involves issues of Washington law and Washington insurance practice, as well as events that occurred in Washington such as whether notice of the Settlement was received. The Court concludes that the future of the Washington Action is best left to the Washington state court where it has been pending for two years.

MySpine asks the Court to sanction USAA. Doc. 149 at 8. Because the Court specifically reserved jurisdiction over this case to enforce the Settlement, however, the Court cannot conclude that USAA's motion was so improper as to warrant sanctions.

**IT IS ORDERED:**

1. MySpine's motion to intervene (Doc. 148) is **granted**.

2. USAA's motion to reopen (Doc. 147) is **denied**.

3. This case will remain closed.

Dated this 27th day of October, 2014.

*David G. Campbell*
United States District Judge